Seeley **KAPLAN**, Plaintiff–Appellant,

v.

**William A. HALTER, Acting Commissioner of the Social Security Administration,[1] Defendant–Appellee.**

No. 00–35038.

D.C. No. CV–98–01402–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[2]

Decided March 28, 2001.

---

1. William A. Halter, Acting Commissioner of Social Security, is substituted as the defendant-appellee, in place of Kenneth S. Apfel, pursuant to Fed. R.App. P. 43(c)(1).

2. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [3]

Seeley Kaplan appeals pro se the district court's judgment affirming the Commissioner of Social Security ("Commissioner") in his denial of Kaplan's application for social security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401–33. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order upholding the Commissioner's denial. *See Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). We must uphold the Commissioner's decision if it is supported by substantial evidence and if it is free from legal error. *See id.* We affirm.

Kaplan's contention that the Administrative Law Judge ("ALJ") improperly disregarded some testimony and did not attach enough weight to other testimony is without merit. Because the ALJ found some of the doctors' findings inconsistent, conclusory, and unsupported by clinical evidence, the ALJ properly provided specific, legitimate reasons for departing from their conclusions. *See Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc).

In addition, because Kaplan could engage in other types of substantial gainful work that exists in the national economy, and because a vocational expert identified jobs that Kaplan could perform, substantial evidence supports the ALJ's finding that Kaplan failed to satisfy step five of the five-step sequential evaluation. *See*

*Gomez v. Chater,* 74 F.3d 967, 971–72 (9th Cir.1996).

We need not act on appellant's motions dated March 30, 2000, and June 1, 2000, because they were filed in district court.

All remaining contentions lack merit.

AFFIRMED.

---

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

